UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 14-61403-MGD |
| | : | |
| CURLYN SUZANNE LIBURD, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

## MOTION FOR ORDER APPROVING PROPOSED SETTLEMENT UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

COMES NOW Neil C. Gordon, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Curlyn Suzanne Liburd ("**Debtor**"), by and through the undersigned counsel, and files his *Motion for Order Approving Settlement Under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**") between Trustee, Midfirst Bank ("**Midfirst**") and Stewart Title Insurance Company ("**Stewart**"). In support of the Settlement Motion, Trustee respectfully shows the Court as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought in this Settlement Motion is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

### Background

2. Debtor filed her petition under Chapter 7 of Title 11 of the United States Code on June 10, 2014 (the "**Petition Date**"), thereby initiating Bankruptcy Case No. 14-61403-MGD (the "**Bankruptcy Case**").

3. Trustee was appointed to the Case as the interim Chapter 7 trustee on or about the Petition Date, pursuant to 11 U.S.C. § 701(a)(1), and became the permanent Chapter 7 trustee on July 16, 2014, pursuant to 11 U.S.C. § 702(d), at the conclusion of the meeting of creditors conducted pursuant to 11 U.S.C. § 341(a).

4. Trustee filed his *Application to Appoint Attorneys* [Doc. No. 10] on July 24, 2014, and the Court entered an *Order* [Doc. No. 15] on August 8, 2014, appointing Arnall Golden Gregory LLP as attorneys for Trustee.

**The Property**

5. On the Petition Date, Debtor and her non-filing spouse, Jefrie L. Liburd ("**Mr. Liburd**"), jointly owned that certain real property known generally as 4918 Brookstone Parkway, Ellenwood, DeKalb County, Georgia 30294 (the "**Property**").

6. Debtor scheduled a "mortgage" on the Property in favor of "Midland Mtg/Midfirst" with a payoff in the amount of $92,284.00 as of the Petition Date.

7. Debtor and Mr. Liburd executed a *Security Deed* dated June 1, 2003 (the "**Security Deed**"), in favor of Amtrust Mortgage Corporation ("**Amtrust**") conveying the Property to secure a debt in the amount of $112,309.00 ("**First Transfer**").

8. The Security Deed was recorded on the real property records of DeKalb County, State of Georgia (the "**Real Estate Records**") on September 23, 2003 ("**Second Transfer,**" and collectively with First Transfer, the "**Transfers**").

9. On July 28, 2014, Trustee caused a *Notice of Bankruptcy Filing and Claim of Chapter 7 Trustee* to be recorded in the Real Property Records in Property's chain of title, placing the whole world on notice of the Trustee's claim of interest on the Property (the "**Claim of Interest**").

10. On June 8, 2016, Trustee filed a *Complaint* [Doc. No. 22] against Amtrust and Midfirst, initiating Adversary Proceeding Case No. 16-05125 (the "**Lawsuit**"), asserting that the Security Deed was patently defective because: (a) Debtor's execution of the Security Deed was not attested to by an unofficial witness; and (b) Debtor's execution of the Security Deed was not attested to by two witnesses.

11. Trustee further asserted in the Lawsuit that because of this patent defect, (a) the Security Deed did not provide constructive or actual notice of any security interest, and (b) Trustee, in his position as hypothetical *bona fide* purchaser of real property, (i) had a superior claim to Amtrust and Midfirst (collectively hereafter, "**Amtrust/Midfirst**") in the Property, and (ii) could avoid the Transfers as to Debtor's undivided one-half interest in the Property (the "**Property Interest**") under 11 U.S.C. § 544(a)(3).

12. Amtrust/Midfirst and Stewart, as its title insurer, dispute Trustee's claims in the Lawsuit.

13. Nevertheless, Trustee, Amtrust/Midfirst and Stewart (collectively, the "**Parties**") have mutually agreed to settle the claims, disputes and issues and avoid further litigation of Lawsuit, subject to Bankruptcy Court approval.

14. On January 11, 2017, the Court entered an *Order* directing Trustee to seek entry of default within twenty-one (21) days (February 1, 2017) or the Lawsuit will be dismissed for want of prosecution. Therefore, time of the essence.[1]

---

[1] Although the Parties have reached agreement on the terms and Amtrust/Midfirst and Stewart have been in possession of the Settlement Agreement since mid-November, Trustee has never received back the fully executed Settlement Agreement, or any proposed revisions thereto or comments thereon. Because time is of the essence, Trustee is proceeding with the filing of this Settlement Motion in anticipation of receiving it prior to the hearing.

## The Settlement Terms

15. Following negotiations, the Parties reached an agreement to settle all disputes and issues and avoid further litigation of the Lawsuit for the sum of $30,000.00, for which amount Stewart will be entitled to file one proof of claim that will only be allowed as non-priority unsecured in the amount of $30,000.00 ("the "**Settlement Amount**") and that will be subordinated to all other allowed claims in the Bankruptcy Case subject to Bankruptcy Court approval (the "**Settlement Terms**"). Significant terms of the Proposed Settlement follow:[2]

a. Trustee shall file a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking the Bankruptcy Court's approval of the Agreement (the "**Settlement Motion**").

b. Within ten (10) days of an entered final order granting the Settlement Motion (the "**Settlement Order**"), Stewart shall remit or cause to be remitted to Trustee THIRTY THOUSAND AND NO/100s DOLLARS ($30,000.00) (the "**Settlement Amount**") in the form of a cashier's check or official bank check made payable to "Neil C. Gordon, Chapter 7 Trustee (LIBURD)" and delivered to Trustee's attention, Arnall Golden Gregory LLP, 171 17th Street, N.W., Suite 2100, Atlanta, Georgia 30363-1031.

c. Following entry of the Settlement Order and Trustee's receipt of the Settlement Amount, Trustee shall file an Abandonment of the Property and withdraw his Claim of Interest from the title to the Property.

d. Upon Bankruptcy Court approval of the Settlement Motion, the Security Deed of Amtrust/Midfirst shall be deemed properly perfected.

e. Within twenty-one (21) days of the entry of the Settlement Order, Stewart shall file one (1) non-priority, unsecured proof of claim in the amount of $30,000.00 (the "**Proof of Claim**"). Stewart stipulates and agrees that the Proof of Claim: (a) will only be allowed as a non-priority, unsecured claim in the amount of $30,000.00; and (b) shall be subordinated to all other allowed claims in the Bankruptcy Case.

f. Upon Bankruptcy Court approval by final order of the Settlement Motion, Amtrust/Midfirst and Stewart hereby release Trustee and the Bankruptcy

---

[2] The following is a summary of the Settlement Terms and is not intended to be comprehensive.

Estate from all claims and causes of action, except as otherwise set forth herein.

g. Upon Bankruptcy Court approval by final order of this Settlement Motion and Trustee's receipt of the Settlement Amount in good funds, Trustee releases Amtrust/Midfirst and Stewart from any and all claims by the Bankruptcy Estate.

h. Within twenty-one (21) days of the later of: (a) Bankruptcy Court final order granting the Settlement Motion, or (b) Trustee's receipt of the Settlement Amount, the Parties shall file a stipulation dismissing with prejudice the Lawsuit.

**Relief Requested**

16. By this Settlement Motion, Trustee requests that the Court approve the Settlement Terms between Trustee, Amtrust/Midfirst and Stewart.

**Basis for Relief**

17. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> > (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re*

*Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).[3]

18. The proposed Settlement Agreement between Trustee, Amtrust/Midfirst and Stewart is the product of arms-length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

19. Given the potential expense of litigating Trustee's claims raised against Amtrust/Midfirst and Stewart, and the contingent nature of the same, in the event that the Trustee's claims that are proposed to be settled are instead prosecuted, the amount of time that such litigation will require, the delay before the final outcome is known, and the complexity and uncertain resolution of factual and legal disputes, settlement on the terms described herein is a proper exercise of the Trustee's business judgment and in the best interests of the Bankruptcy Estate. Trustee estimates that the proposed settlement will allow him to make a substantial (if not full) distribution to holders of allowed general, nonpriority unsecured claims that are not subordinated.

20. Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee urges that this Court approve the Settlement Motion.

WHEREFORE, Trustee respectfully requests that the Court enter an Order (i) granting this Settlement Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

the terms of the Settlement Terms; and (iii) granting to the parties such other and further relief as the Court deems just and appropriate.

Respectfully submitted, this 13th day of January, 2017.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By: */s/ Neil C. Gordon*
Neil C. Gordon
Georgia Bar No. 645709
*neil.gordon@agg.com*

171 17th Street, NW, Suite 2100
Atlanta, GA 303363-1031
(404) 873-8500

**CERTIFICATE OF SERVICE**

This is to certify that I, Neil C. Gordon, am over the age of 18 and that I have this day served a true and correct copy of the foregoing *Motion for Order Approving Proposed Settlement Under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class United States mail or electronic mail on the following persons or entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Bret Chaness
Rubin Lublin LLC
Terminus 200, Suite 100
3145 Avalon Ridge Place
Peachtree Corners, GA 30070

Craig Z. Black
The Semrad Law Firm, LLC
Sterling Point II
303 Perimeter Center North
Suite 201
Atlanta, GA 30346

G. Jeffrey Records, Jr., Chairman and CEO
Midfirst Bank
501 NW Grand Boulevard
Oklahoma City, OK 73118

This 13th day of January, 2017.

*/s/ Neil C. Gordon*
Neil C. Gordon
Georgia Bar No. 302687
*neil.gordon@agg.com*