UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 14-61403-MGD |
| | : | |
| CURLYN SUZANNE LIBURD, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**SUPPLEMENT TO MOTION FOR ORDER APPROVING PROPOSED SETTLEMENT UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMES NOW Neil C. Gordon, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Curlyn Suzanne Liburd ("**Debtor**"), by and through the undersigned counsel, and files this *Supplement to Motion for Order Approving Proposed Settlement Under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Supplement**").

1. On January 13, 2017, Trustee filed his *Motion for Order Approving Proposed Settlement Under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Doc. 24] (the "**Settlement Motion**") by and between Trustee, Midfirst Bank ("**Midfirst**") and Stewart Title Insurance Company ("**Stewart,**" and collectively with Trustee and Midfirst, the "**Parties**"). At that time, the Parties had reached agreement on the terms and Midfirst and Stewart had the Settlement Agreement in their possession.

2. A true and correct copy of the fully executed Settlement Agreement is attached hereto, marked as Exhibit "A" and incorporated herein by reference.

WHEREFORE, Trustee respectfully requests that the Court enter an Order (i) granting this Settlement Motion as supplemented herein; (ii) authorizing Trustee to take actions reasonably necessary to effectuate the terms of the Settlement Agreement; and (iii) granting to the parties such other and further relief as the Court deems just and appropriate.

Respectfully submitted, this 15th day of February, 2017.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
*michael.bargar@agg.com*

171 17th Street, NW, Suite 2100
Atlanta, GA 303363-1031
(404) 873-8500

**EXHIBIT "A" FOLLOWS**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 14-61403-MGD |
| CURLYN SUZANNE LIBURD, | : | CHAPTER 7 |
| Debtor. | : | |

# JOINT STIPULATION AND SETTLEMENT AGREEMENT

This *Joint Stipulation and Settlement Agreement* (the "**Agreement**") is entered between Neil C. Gordon, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of Curlyn Suzanne Liburd ("**Bankruptcy Estate**"), MidFirst Bank ("**MidFirst**"), and Stewart Title Guaranty Company ("**Stewart**" and collectively with Trustee and MidFirst, the "**Parties**"):

WHEREAS, Curlyn Suzanne Liburd (the "**Debtor**") filed her petition under Chapter 7 of Title 11 of the United States Code on June 10, 2014 (the "**Petition Date**"), thereby initiating Bankruptcy Case No. 14-61403-MGD (the "**Case**"); and

WHEREAS, Trustee was appointed to the Case as the interim Chapter 7 trustee on or about the Petition Date, pursuant to 11 U.S.C. § 701(a)(1), and became the permanent Chapter 7 trustee on July 16, 2014, pursuant to 11 U.S.C. § 702(d), at the conclusion of the meeting of creditors conducted pursuant to 11 U.S.C. § 341(a); and

WHEREAS, on the Petition Date, Debtor and her non-filing spouse, Jefrie L. Liburd ("**Mr. Liburd**"), jointly owned that certain real property known generally as 4918 Brookstone Parkway, Ellenwood, DeKalb County, Georgia 30294 (the "**Property**"); and

WHEREAS, Debtor scheduled a "mortgage" on the Property in favor of "Midland

Mtg/MidFirst" with a payoff in the amount of $92,284.00 as of the Petition Date; and

WHEREAS, Debtor and Mr. Liburd executed a *Security Deed* dated June 1, 2003 (the "**Security Deed**"), in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Amtrust Mortgage Corporation ("**Amtrust**"), its successors and assigns, conveying the Property to secure a debt in the amount of $112,309.00 ("**First Transfer**"); and

WHEREAS, the Security Deed was recorded on the real property records of DeKalb County, State of Georgia (the "**Real Estate Records**") on September 23, 2003, in Deed Book 15290, Page 468 ("**Second Transfer,**" and collectively with First Transfer, the "**Transfers**"); and

WHEREAS, on July 28, 2014, Trustee caused a *Notice of Bankruptcy Filing and Claim of Chapter 7 Trustee* to be recorded in the Real Property Records in Property's chain of title, placing the whole world on notice of the Trustee's claim of interest on the Property (the "**Claim of Interest**"); and

WHEREAS, Trustee asserted that the Security Deed was not attested by an unofficial witness as required by Georgia law; and

WHEREAS, on June 8, 2016, Trustee filed a *Complaint* [Doc. No. 22] against Amtrust and MidFirst, initiating Adversary Proceeding Case No. 16-05125 (the "**Lawsuit**"), asserting that the Security Deed was patently defective because: (a) Debtor's execution of the Security Deed is not attested to by an unofficial witness; and (b) Debtor's execution of the Security Deed is not attested to by two witnesses; and

WHEREAS, Trustee further asserted because of this patent defect, (a) the Security Deed does not provide constructive or actual notice of any security interest, and (b) Trustee, in his position as hypothetical *bona fide* purchaser of real property, (i) had a superior claim to Amtrust and MidFirst **MidFirst** in the Property, and (ii) could avoid the Transfers as to Debtor's undivided one-

interest in the Property (the "**Property Interest**") under 11 U.S.C. § 544(a)(3); and

WHEREAS, MidFirst and Stewart, as its title insurer, dispute Trustee's claims; and

WHEREAS, on the basis of this Agreement, the Parties mutually desire to settle all disputes and issues and avoid further litigation thereof for the sum of $30,000.00, for which amount Stewart will be entitled to file one proof of claim that will only be allowed as non-priority unsecured in the amount of $30,000.00 and that will be subordinated to all other allowed claims in the Case.

NOW, THEREFORE, as set forth below, the Parties agree as follows:

1. Following receipt of the fully executed Agreement, Trustee shall file a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking the Bankruptcy Court's approval of the Agreement (the "**Settlement Motion**").
2. Within ten (10) days of an entered final order granting the Settlement Motion and approving the Agreement (the "**Settlement Order**"), Stewart, on behalf of MidFirst, shall remit or cause to be remitted to Trustee THIRTY THOUSAND AND NO/100s DOLLARS ($30,000.00) (the "**Settlement Amount**") in the form of a cashier's check, official bank check, or law firm check made payable to "Neil C. Gordon, Chapter 7 Trustee (LIBURD)" and delivered to Trustee's attention, Arnall Golden Gregory LLP, 171 17th Street, N.W., Suite 2100, Atlanta, Georgia 30363-1031.
3. Following entry of the Settlement Order and Trustee's receipt of the Settlement Amount, Trustee shall file an Abandonment of the Property and withdraw his Claim of Interest from the title to the Property with prejudice.
4. Upon Bankruptcy Court approval of this Agreement, the Security Deed MidFirstshall be deemed properly perfected, and MidFirst shall be granted relief from the automatic stay to pursue any state law remedies, including but not limited to reformation, in order to ensure

that the Security Deed is properly perfected under state law.

5. Within twenty-one (21) days of the entry of the Settlement Order, Stewart shall file one (1) non-priority, unsecured proof of claim in the amount of $30,000.00 (the "**Proof of Claim**"). Stewart stipulates and agrees that the Proof of Claim: (a) will only be allowed as a non-priority, unsecured claim in the amount of $30,000.00; and (b) shall be subordinated to all other allowed claims in the Case.

6. Upon Bankruptcy Court approval of this Agreement, MidFirst and Stewart hereby release Trustee and the Bankruptcy Estate from all claims and causes of action, except as otherwise set forth herein. This release specifically excludes any *in rem* claims and causes of action, including but not limited to reformation and foreclosure, of the Security Deed.

   Upon Bankruptcy Court approval of this Agreement and Trustee's receipt of the Settlement Amount in good funds, Trustee releases MidFirst and Stewart from any and all claims by the Bankruptcy Estate as to all actions, causes of action, debts, demands, contracts, agreements, obligations, promises, damages, judgments, executions, claims, rights, liabilities, suits and sums of money, both at law and in equity now existing, or which may result from the existing state of things.

7. Within twenty-one (21) days of the later of: (a) Bankruptcy Court approval of this Agreement, or (b) Trustee's receipt of the Settlement Amount, the Parties shall file a stipulation dismissing with prejudice the Lawsuit.

8. The Parties each agree to take any and all actions and execute any other documents as may be reasonably required by Trustee, MidFirst, or Stewart to affect the purpose and intent of this Agreement.

9. Any dispute over this Agreement shall be determined solely by the Court in this Case.

10. The Parties acknowledge and represent being fully advised by their respective legal counsel of their rights and responsibilities under this Agreement or, alternatively, having had an opportunity to retain the services of independent legal counsel and having affirmatively elected not to do so, that they have read, know and understand completely the contents hereof, and that they have voluntarily executed the same. The Parties hereto further acknowledge having had input into the drafting of this Agreement or, alternatively, having had an opportunity to have input into the drafting of this Agreement. Accordingly, in any construction to be made of this Agreement, it shall not be construed for or against any party, but rather shall be given a fair and reasonable interpretation, based on the plain language of the Agreement and the expressed intent of the Parties.

11. This Agreement contains the entire, final, complete, and exclusive agreement between the Parties to the subject matter contained herein. There are no other representations, agreements, arrangements, or understandings, oral or written, between the Parties relating to the subject matter contained herein, which are not fully expressed herein.

STIPULATED AND AGREED TO this 3rd day of February, 2017.

NEIL C. GORDON
CHAPTER 7 TRUSTEE

By:______________________
Neil C. Gordon
Georgia Bar No. 302387
ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363-1031
Tel: (404) 873-8596 / Fax (404) 873-8597
Email: neil.gordon@agg.com
Attorneys for Trustee

STEWART TITLE GUARANTY COMPANY

By:______________________
Bret Chaness
Georgia Bar No. 720572
*[Signed by Neil C. Gordon with "express permission" granted February 3, 2017.]*
RUBIN LUBLIN LLC
3145 Avalon Ridge Place
Suite 100
Peachtree Corners, GA 30071
Tel: (678) 281-2730 / Fax: (404) 921-9016
Email: bchaness@rubinlublin.com

MIDFIRST BANK

By:______________________________

Bret Chaness
Georgia Bar No. 720572
*[Signed by Neil C. Gordon with "express permission" granted February 3, 2017.]*

RUBIN LUBLIN LLC
3145 Avalon Ridge Place
Suite 100
Peachtree Corners, GA 30071
Tel: (678) 281-2730 / Fax: (404) 921-9016
Email: bchaness@rubinlubin.com

**CERTIFICATE OF SERVICE**

This is to certify that I, Neil C. Gordon, am over the age of 18 and that I have this day served a true and correct copy of the foregoing *Supplement to Motion for Order Approving Proposed Settlement Under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class United States mail or electronic mail on the following persons or entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Bret Chaness
Rubin Lublin LLC
Terminus 200, Suite 100
3145 Avalon Ridge Place
Peachtree Corners, GA 30070

Craig Z. Black
The Semrad Law Firm, LLC
Sterling Point II
303 Perimeter Center North
Suite 201
Atlanta, GA 30346

G. Jeffrey Records, Jr., Chairman and CEO
Midfirst Bank
501 NW Grand Boulevard
Oklahoma City, OK 73118

This 15th day of February, 2017.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
*michael.bargar@agg.com*